## THE TRANSFER NO. 3.

## THE MAHOGANY KING.

## THE CULLEN NO. 17.

District Court, S. D. New York.

Sept. 26, 1944.

James B. M. McNally, U. S. Atty., of New York City, for libelant.

Vincent A. Catoggio and Nicholas J. Healy, 3rd, Sp. Assts. to the U. S. Atty., both of New York City, for the United States.

Mahar & Mason, of New York City, for claimants Brayard Marine Transportation Corporation and Sound Chartering Corporation.

HULBERT, District Judge.

Hearing on exceptions.

On January 6, 1944, the Government filed a libel alleging the construction and establishment of a certain "Magnetic loop" composed of submarine cables and other equipment, extending from shore to shore on the bed of an arm of New York Harbor for harbor defense purposes, and "is an aid to navigation."

The libel alleges that on the night of Nov. 27, 1942, at or about 11:00 p.m. the tug Transfer No. 3 towed the barges Cullen No. 17, L & W-B C Company No. 4 and L. & W-B C Company No. 5 to a point a little above and to the eastward of said "magnetic loop" and negligently left them at anchor close to the cable area. Some time later the tug Mahogany King came alongside said barges and towed them across the loop to a point where they were left improperly anchored and closer to the cable area. It was noted that during all of this time the "magnetic loop" continued to operate without interruption. At or about 9:30 on the morning of Nov. 28, 1942, the said barges were negligently permitted to drag their anchor and to drift across the range and their anchor fouled and damaged the "magnetic loop".

The suit is to recover the resulting damages.

Claimants of the accused vessels except (1) that the libel does not state a cause of action within the admiralty and maritime jurisdiction of the United States and of this Court; (2) that the subject matter of the libel herein is one which is not within the admiralty and maritime jurisdiction of this Court.

The core of the claimants' argument is that the allegation "is an aid to navigation" is a mere conclusion, and they rely upon the recently decided case of United States v. Tug John R. Williams, 2 Cir., 144 F.2d 451, 453. Hon. A. N. Hand, Circuit Judge, said: "In the case at bar there is no evidence that the cable was to be used as an aid to navigation, even if that fact would have been sufficient to sustain admiralty jurisdiction. The last three decisions we have cited somewhat ameliorated the strict general rule precluding recovery for injuries where the thing damaged is connected with the earth or shore. * * * Because the decisions of the Supreme Court preclude resort to a court of admiralty in a case like the present, we hold that the libellant's claim in so far as it involves the imposition of a maritime lien, in favor of the libellant, upon the Tug John R. Williams, should be dismissed and the decree against her vacated. But the claim against the respondent in personam, though not maintainable in admiralty, is good at law and may be asserted by the United States in the District Court where the action is pending. 28 U.S.C.A. § 41(1)."

However, it is to be noted that the Williams case was reversed after a trial for lack of evidence.

■ In the case at bar the court is bound to assume, upon this motion, that the "magnetic loop" was constructed, installed and maintained by the libelant for harbor defense purposes in time of war and as an aid to navigation.

The Court might sustain the exceptions with leave to amend over, but believes that this would require the disclosure of information which should not be made public at this time. The Court cannot speculate upon what proof the Government will offer on the trial, but feels that in this instance in particular it should have its day in court.

If the respondents sincerely maintain their inability to answer the libel because of the insufficiency of the allegation, upon the facts, the Court will entertain an application, in camera, for further relief. The exceptions are overruled. Settle order.